**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tuyet Lan Thi White, Appellant,

v.

Son Van Le and Mark White, Respondents.

Appellate Case No. 2014-000630

―――――――――――

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

―――――――――――

Unpublished Opinion No. 2015-UP-352
Heard June 9, 2015 – Filed July 15, 2015

―――――――――――

**REVERSED**

―――――――――――

Cynthia Bailey Berry, of Berry Law Firm, of
Orangeburg, for Appellant Tuyet Lan Thi White.

Lewis C. Lanier, of Lanier & Burroughs, LLC, of
Orangeburg, for Respondent Son Van Le.

―――――――――――

**PER CURIAM:** In this action from the family court, Tuyet Lan Thi White argues the court erred in ordering her minor son's surname be changed to that of the child's biological father, Son Van Le. We reverse.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011). Thus, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the court to disregard the findings of the family court, which is in a superior position to make credibility determinations. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

"In deciding whether to allow a change in the child's surname, the family court should grant the request only if the change promotes the child's best interests and welfare." *Mazzone v. Miles*, 341 S.C. 203, 210, 532 S.E.2d 890, 893 (Ct. App. 2000). "The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests." *Id.* In *Mazzone*, this court identified nine factors to consider in determining whether changing a child's surname is in the child's best interest, including:

> (1) the length of time that the child has used the present surname; (2) the effect of the change on the preservation and development of the child's relationship with each parent; (3) the identification of the child as part of a family unit; (4) the wishes of the parents; (5) the stated reason for the proposed change; (6) the motive of the parents and the possibility that the use of a different name will cause insecurity or a lack of identity; (7) the difficulty, harassment, or embarrassment that the child may experience when the child bears a surname different from the custodial parent; (8) the preference of the child if the child is of an age and maturity to express a meaningful preference; and (9) the degree of community respect associated with the present and proposed surname.

*Id.* at 210-11, 532 S.E.2d at 893-94. Applying the *Mazzone* factors to this case, as we are permitted to do under the broad scope of review accorded to us, we find the family court erred in ordering Le Feather White's (Child) surname be changed to White-Le. We find the *Mazzone* factors weigh heavily in favor of Child keeping the surname White.

**REVERSED.**

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**